GREMILLION, J.,
concurs in part and dissents in part.
hThe first major question that the majority needed to answer was whether the jury should have heard the testimony of Dr. Charles Bane. I agree with my colleagues; they should not have heard it.
Secondly, I break with my fellow dissenter, Judge Conery, and. agree with the majority, that Dr. Bane’s testimony prevented the jury from making a fair and impartial determination. Thus, the majority has correctly concluded that a de novo review is necessary.
Finally, I agree with the conclusions of the majority’s de novo review of liability. The subject accident did cause injury resulting in damages to Mr. Godchaux.
I turn from the majority de novo’s review of liability to its de novo review of damages. The majority reviewed both the special damages awarded by the jury (those damages susceptible to exact mathematical calculation), as well as the general damages (those damages not susceptible to exact mathematical calculation).
With regard to the special damages, I agree with the majority. Mr. Godchaux simply did not prove entitlement to either future lost wages or lost earning capacity. Furthermore, with regard to future medical expenses, I think the ^majority’s $142,833.00 increase to the jury’s award is extremely generous. Nevertheless, it does represent a fair and reasonable review of the record.
I disagree, however, with the manner in which the majority exploded the general damages. I, therefore, dissent.
My review of the record suggests that the jury was wise and certain when it awarded $100,000.00 in general damages. In fact, I agree with Judge Conery on this point. The jury’s award was “generous.”
*830 The fact that the jury chose to award a nice, round, even number on the verdict form’s blank entitled “Pain and Suffering” does not make the award infirm. It does not make it “inconsistent.”
The fact that a verdict form has multiple blanks all purporting to award general damages, does not require a jury to multiply its intended award exponentially just to avoid leaving a few blanks.
In this case, the jury was sympathetic to the plaintiff in some areas, but was skeptical in others. That is what juries do, and that is what we want them to do. However, the majority’s review of this record completely excludes all possibility of skepticism. In fact, it removes the need for a jury altogether. It replaces the jury with a calculator.
My de novo review establishes that $100,000.00 for all general damages was appropriate. Likewise, it establishes that the $3,000.00 for loss of consortium was appropriate. I would increase the plaintiffs recovery in the area of future medicals from $100,000.00 to $242,833.00, as did the majority. In all other respects, I would affirm the jury’s various awards, and leave them unchanged.
Thus, I concur in part and dissent in part.